FRANK PENNIGE, an Infant, by JOSEPH PENNIGE, His Guardian ad Litem, Appellant, v. JOHN B. REYNOLDS, Respondent.

(Supreme Court, Appellate Term, First Department, January, 1917.)

Negligence — contributory — action to recover for personal injuries — automobiles — evidence — when judgment dismissing complaint reversed.

Where, in an action to recover for personal injuries to an eleven-year-old boy who, while attempting to cross the Bowery in the city of New York, was knocked down by an automobile which was going very fast and which did not stop within forty or fifty feet of the scene of the accident, the evidence raises questions of fact both as to the negligence of defendant and the contributory negligence of plaintiff, a judgment dismissing the complaint at the close of plaintiff's case will be reversed and a new trial ordered.

APPEAL by the plaintiff from a judgment of the Muncipal Court of the city of New York, borough of Manhattan, first district, dismissing the complaint at the close of the plaintiff's case.

Supreme Court, Appellate Term, January, 1917. [Vol. 98.

Robert L. Levison, for appellant.

James F. Donnelly, for respondent.

FINCH, J. The action is for personal injuries caused by the plaintiff being knocked down by an automobile while crossing the Bowery.

The evidence shows that the plaintiff, an eleven year old boy, was attempting to cross from the west to the east side of the Bowery along the down town crosswalk at Stanton street, and had gotten as far as the second set of car tracks (thirty-seven feet from the west curb) when he was hit by the defendant's touring car which was going south. While there are some discrepancies in the testimony, as is natural, it can clearly be found that the automobile was going very fast, and that it did not stop within forty to fifty feet of the accident. The evidence as to this latter fact is given by the plaintiff and his two witnesses. The only possible contradiction on this point is in the testimony of Lizzie Abramowitz, a young girl, whose age is approximately determined by the fact that she had just left school and taken out her working papers. She testified that the automobile stopped within four or five feet, but showed what she meant by this by stating that it stopped five houses down from her store.

The plaintiff testified that he looked north and south before leaving the sidewalk, and saw nothing approaching in either direction. There is other evidence that there were no other vehicles on the street. When the plaintiff reached nearly the center of the street, he says he saw the automobile about twenty feet away; that the horn had not been blown, but was blown when the automobile was three or four feet distant, or, as expressed by the witness, Frank Caviana, " he blowed

his horn but it was too late, he was on the child already.'' The plaintiff stopped and attempted to turn back, when he was struck by the automobile. It was about eight o'clock at night, and it can be inferred that the light was not strong.

After the plaintiff rested, the defendant moved to dismiss the complaint, and the trial justice granted his motion. It seems to us that the testimony so viewed raises clear questions of fact both as to the negligence of the defendant and the absence of contributory negligence on the part of the plaintiff.

The respondent makes much of the fact that the witness Lizzie Abramowitz did not testify clearly, and seeks to deduce as a fair inference from her testimony that the automobile was only twenty feet away when the plaintiff left the sidewalk, and that he ran directly in front of the automobile. Her testimony is, in some respects, self contradictory and confused, but, even though her testimony be susceptible of the construction which the respondent now seeks to place upon it, it certainly cannot completely nullify the other evidence deduced on the part of the plaintiff.

Whether the court passed upon the issues as a matter of fact or of law is not clear from this record. In either event the defendant was put to his proof to meet the evidence adduced which preponderated in favor of the plaintiff.

For the foregoing reasons, the judgment is reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

LEHMAN and WHITAKER, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.